## STATE v. HODGES.
No. CA 5338.

Circuit Court, Dade County, Criminal Appeal.

July 15, 1963.

Thomas A. Horkan, Jr. and Edgar E. Cox, Jr., both of Miami, for relator.

Richard E. Gerstein, State Attorney, Joan Elizabeth Fransella, Ass't State Attorney, for respondent.

RAY PEARSON, Circuit Judge.

This cause came on to be heard by me upon the appeal of Owen Henry Hodges from his conviction in the Dade metropolitan court for reckless driving and driving while under the influence of intoxicating liquor. The conviction for reckless driving is hereby affirmed. The conviction for driving while under the influence is discussed below.

The appellant was tried and convicted for driving while under the influence of intoxicating liquor and was sentenced to a term of six months and ordered to pay a fine of $500 plus $25 in costs, and in default of such payment, to be committed to the county jail for a term of 53 days.

The appellant, among other assignments of error, seeks reversal of this conviction upon the grounds —

(1)   That the trial court erred in sentencing him for a term of six months, which exceeds the maximum sentence permitted by the ordinance, and

(2)   That the trial court erred in presuming that the appellant was tried, convicted and sentenced as a second offender on the charge of driving a motor vehicle while under the influence of intoxicating liquor.

The metropolitan "Second Offender" ordinance is as follows —

"Section 30-15:

(b)   Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than forty-eight hours nor more than 60 days and by a fine of not less than one hundred dollars, nor more than five hundred dollars, or by both such fine and imprisonment. *On a second or subsequent conviction he shall be punished by imprisonment for not less than thirty days nor more than six months, and, in the discretion of the court, a fine of not more than one thousand dollars;* on a third conviction he shall be punished by imprisonment for a period of one year." (Italics added.)

The Metropolitan Home Rule Charter, section 6.02(d) provides —

"(d)   No person shall upon conviction for the violation of any county ordinance be punished by a fine exceeding $1,000 or imprisonment in the county jail for more than one year or by both such fine and imprisonment. *If the offense is punishable by a fine exceeding $500 or imprisonment in the county jail for more than 60 days, the accused shall be entitled to a trial by jury upon demand."* (Italics added.)

Metropolitan Ordinance section 11-14 relating to demand for jury trial provides —

"If an offense is punishable by a fine exceeding five hundred dollars or by imprisonment in the county jail for more than sixty days, the accused is entitled to a trial by jury upon demand made at any time before the commencement of his trial."

The judgment and sentence of the trial court, as reflected by the appeal record, verbatim, is as follows —

"On the driving while under the influence, the jury having heard the evidence and duly considering the same, and the jury having found you guilty of said charge, it is hereby

ordered and adjudged by the court that you, the defendant, are guilty as charged of said offense as set forth herein. It is therefore the judgment, order and sentence of the court that you, the defendant, be imprisoned in the county jail at Dade County, Florida, for a term of six months and pay a fine of $500 and $25 court costs or in default of said payment, stand committed in the county jail at Dade County, Florida, for an additional term of fifty-three days."

This record fails to indicate that the appellant herein was charged, tried, or convicted as a second offender. There is nothing in the record to indicate that he was previously charged, tried and convicted for the same offense. He came before the trial court, in this case, so far as the record shows, as a first offender; therefore, he was not entitled to a trial by jury and he was not liable to a sentence for more than 60 days which is the maximum provided by the metropolitan ordinance for a first offender.

Assuming that it is the desire of the prosecutor to accuse a defendant as a second offender based on evidence that he has been convicted previously of the same offense, then and in that event, this court suggests that consideration be given to the procedure provided by chapter 775, Florida Statutes, as a guide in such cases.

It is therefore ordered and adjudged that the judgment and conviction of the trial court on the driving while intoxicated charge be affirmed, and that the cause be remanded to the trial court for proper sentencing for first offense, not to exceed the maximum punishment set forth in the ordinance.